**Donna M. JEFFERS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–1022.

United States Court of Veterans Appeals.

Submitted Oct. 21, 1991.

Decided Jan. 27, 1992.

Donna M. Jeffers, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Adrienne Koerber were on the pleadings, for appellee.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

Appellant, Donna M. Jeffers, appeals from a June 18, 1990, Board of Veterans' Appeals (BVA or Board) decision affirming the denial of service connection for the bronchogenic carcinoma which caused the death of her husband, veteran Ray J. Jeffers, on March 12, 1980.

An initial claim for service connection was denied in a BVA decision dated November 3, 1981, which concluded that the veteran's cancer was neither related etiologically to exposure to radiation or asbestos nor incurred in nor aggravated by service. R. at 168. The claim was reopened and denied in 1984 and again in 1986. In 1987, due to "legislative changes", the Department of Veterans Affairs (VA) (formerly Veterans' Administration) advised appellant that the claim would be reconsidered and requested, and received, additional information. R. at 205. Pursuant to 38 C.F.R. § 3.311b(c)(1), the VA Chief Medical Director was asked for an opinion "whether it is either likely, unlikely, or approximately as likely as not that the veteran's disease resulted from exposure to radiation in service." R. at 219. The response, premised upon the record which included dose reconstruction exposure data prepared by the Navy in 1984 (R. at 193), was that "it is unlikely that his disease was caused by radiation while in military service." R. at 220. Based upon this opinion, and a "review of the evidence in its entirety", the Director of the Compensation and Pension

Service concluded that "there is no reasonable possibility that the veteran's disability was the result of such exposure." R. at 221. This conclusion prompted a denial of the claim by the rating board in a decision issued on February 1, 1989, and a confirmation of that denial by the BVA in a decision dated June 18, 1990. Based upon a review of "the evidence of record" (R. at 7), the BVA concluded as a matter of fact that "The veteran's death was not related to his very minimal ionizing radiation exposure during Operation SANDSTONE." R. at 8. A timely Notice of Appeal was filed with this Court on September 20, 1990.

■ On September 12, 1991, the Secretary of Veterans Affairs (Secretary) moved for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings until the motion for summary affirmance is resolved. The Secretary argues that the record clearly supports the BVA decision. On September 20, 1991, the pro se appellant filed an eloquent opposition to the Secretary's motion, arguing, as she did before the BVA, the conviction that the veteran's carcinoma, which was first diagnosed in 1979, was caused by exposure to radiation in 1948 when he participated in Operation Sandstone, the atomic tests conducted on Eniwetok. Appellant also argues that service connection should be granted because, at one time, Congress considered including the disease which caused her husband's death among those for which service connection may be presumed; however, bronchogenic carcinoma was not included in the final enactment. *See* 38 U.S.C. § 1112(c) (formerly § 312(c)). The record does reflect that Mr. Jeffers, who served in the U.S. Navy from 1944 to 1964, was aboard the USS ROGERS in 1948 and that he did indeed take part in Operation Sandstone. R. at 45.

■ In reviewing a finding of fact made by the Board, the Court can only "hold unlawful and set aside such finding if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). "A finding is 'clearly erroneous' when although there is evidence to support

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *see also Gilbert*, 1 Vet.App. at 52. In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA . . . we cannot overturn them." *Id.* at 53.

Upon consideration of the briefs of the parties and the record before this Court, which contains ample support for the Board's finding, it is the holding of this Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *Gilbert, supra; see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the decision by the Board of Veterans' Appeals is AFFIRMED.